**DEPARTMENT OF REVENUE, Commonwealth of Kentucky, Appellant,**

v.

**NATURAL GAS SERVICE, INC., Appellee.**

Court of Appeals of Kentucky.

May 12, 1967.

Robert Matthews, Atty. Gen., William S. Riley, Cyril E. Shadowen, Dept. of Revenue, Frankfort, for appellant.

Robert L. Ackerson, Louisville, for appellee.

WADDILL, Commissioner.

The Department of Revenue, Commonwealth of Kentucky, has perfected an appeal under RCA 1.080 from a judgment ordering it to refund to appellee, Natural Gas Service, Inc., the sum of $2,344.16 which had been paid under protest. This amount represented taxes and penalties assessed against appellee under KRS 136.240(1) and KRS 136.250(3) upon gas sold by it between January 1, 1952, and May 30, 1959. (These statutes were repealed in 1960 and 1962 respectively). The question presented on appeal is whether the sale of this gas was "in interstate commerce" so as to make it tax-exempt by the provisions of KRS 136.240(2).

Insofar as pertinent to this case, KRS 136.240(1) imposed an excise tax on the sale of natural gas, but subsection (2) of this statute specifically exempted sales "in interstate commerce." The parties stipulated that natural gas is delivered by Texas Gas Transmission Corporation to appellee near Locust, Kentucky, and from there it is transported by appellee in pipe lines into Indiana. In Kentucky the appellee has provided numerous taps on its line for sale of gas to individual Kentucky customers. Appellee virtually concedes the collection of a tax of this character is not prohibited by the Federal Constitution and relies solely on the statutory exemption cited above.

From the time appellee took possession of the gas near Locust, Kentucky, until it reached the individual meters located on the properties of its 149 Kentucky customers it, was under high pressure. The pressure of this gas was not reduced to a commercially usable rate until it passed through the customers' meters at which time the sale was consummated. It is the tax upon this sale which is the subject of this action.

While an exact time at which interstate commerce ends has not been drawn (15 Am.

Jur.2d, Commerce, Section 59), it is argued by appellee that at the time the statute in question was enacted the Supreme Court had held that interstate commerce of gas ended at some time or place *after* the gas had been reduced in pressure. East Ohio Gas Co. v. Tax Commission, 283 U.S. 465, 51 S.Ct. 499, 75 L.Ed. 1171 (1931); cf. Illinois Natural Gas Co. v. Central Illinois Public Service Co., 314 U.S. 498, 62 S.Ct. 384, 86 L.Ed. 371 (1942). However, the Ohio case did not determine with finality the place at which interstate commerce ceased. Connecticut Light & Power Co. v. Federal Power Comm., 324 U.S. 515, 65 S.Ct. 749, 89 L.Ed. 1150 (1945).

We believe, as contended by appellant, that when the gas was irrevocably committed to the pipe lines of the ultimate consumers it had ceased its interstate journey. The language in State of Missouri ex rel. Barrett v. Kansas Natural Gas Co., 265 U.S. 298, 44 S.Ct. 544, 68 L.Ed. 1027 (1924) seems particularly applicable:

> " * * * The business of supplying, on demand, local consumers is a local business, even though the gas be brought from another state and drawn for distribution directly from interstate mains; and this is so whether the local distribution be made by the transporting company or by independent distributing companies. In such case the local interest is paramount, and the interference with interstate commerce, if any, indirect and of minor importance. * * *."

The provisions of KRS 136.240(2) exempt only those sales which are an integral part of interstate commerce. Since the sales to appellee's domestic customers did not affect the progression of the gas being transported out of Kentucky they were not of such impact as to be a burden on that commerce and hence we conclude that they were not sales made in interstate commerce.

The judgment is reversed with directions to set it aside and to enter a new judgment on behalf of appellant.

All concur.